## 4256.  CUMBY *v.* THE STATE.

1. The conduct of the trial judge, complained of in the motion for a new trial, will not, under the facts of this case, be held to be cause for a new trial.
2. The evidence fully warranted the verdict.

DECIDED AUGUST 6, 1912.

Accusation of sale of liquor; from city court of Carrollton— Judge Beall.  May 24, 1912.

*Buford F. Boykin, S. C. Boykin, Willis Smith,* for plaintiff in error.  *C. E. Roop, solicitor,* contra.

POTTLE, J.  Cumby was convicted of selling intoxicating liquors. During the trial, while a witness for the defendant was on the stand, he was asked by the solicitor whether a mule which had been referred to in the testimony was in a stable.  The witness answered, "In the lot."  The solicitor then repeated the question and received the same answer.  The solicitor again twice repeated the same question and each time received the same answer.  Counsel for the defendant objected to further questions of the same nature, upon the ground that the witness had already intelligently answered the question.  The court overruled the objection and permitted the same question to be again put, and the same answer was again given by the witness.  Thereupon the court "became a little angry with the witness and said, 'Look here, you have got to answer that question.  You can understand, you have sense.'" The witness again answered that the mule was in the lot, whereupon the court said, "Look here, I will have to send you to jail. Mr. Sheriff, you will have to take this boy to jail.  Now, was the mule in the lot or in the stable?"  The witness again answered that the mule was in the lot, and explained that the stable was not enclosed in the lot fence.  In the bill of exceptions, which is certified to be true by the trial judge, it is recited that the last remark

was made to the witness by the court in a very angry manner, and that the court was requested to withdraw the case from the jury and declare a mistrial. It is not quite clear from the record what information the court was seeking to elicit from the witness. He seems to have answered the question fairly and intelligently each time it was put to him, and upon the record as presented to this court the conduct of the trial judge was improper. It is improper, and often prejudicial to the rights of a party litigant, for the trial judge, by his manner and statements, to discredit a party's witness or minimize the importance of his testimony. In a close case such prejudicial conduct on the part of the trial judge would necessitate a new trial. It will not have this result in the present case, because the defendant is clearly guilty under the evidence, and the testimony about which the exception arose seems to be entirely immaterial to any issue involved in the case. The defendant was charged with having sold a pint of whisky, and it is not apparent how the question as to whether the mule was in the lot or in the stable could elucidate this issue. A technical case of guilt was made out by the defendant, even by his own witness whom it is claimed the court discredited. The State's witness testified that he bought a half-pint of whisky from the accused. It is inferable from the testimony of the defendant's witness that the State's witness sold the whisky to the accused, and afterwards bought it back from him. If that be the truth, the accused is just as guilty as if he had sold the whisky to the State's witness in the first instance. The statement of the accused accorded with the testimony of this witness, and it is thus apparent that both the evidence and the statement demanded his conviction.

*Judgment affirmed. Russell, J., absent because of illness.*